# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

BRIAN FISHBACK                                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 1:21-CV-93-GNS

WILLIAM FISHBACK *et al.*                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Brian Fishback filed a *pro se* complaint and an application to proceed without prepayment of fees. Upon consideration, **IT IS HEREBY ORDERED** that the application (DN 3) is **GRANTED.** The Court must now conduct a screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I.

Plaintiff initiated this action by filing a non-prisoner complaint form for a civil case. He indicates that he resides in Bowling Green, Kentucky. Plaintiff sues William Fishback, Lee Fishback, and Charles Fishback, whom he indicates also reside in Bowling Green, Kentucky. On the complaint form, Plaintiff has checked the box which indicates that this Court has jurisdiction over this action because a "federal question" is presented. In the section of the complaint form which asks him to list the federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case, Plaintiff has written, "Family inheritance management." The complaint contains no other information.

In an eight-page attachment to the complaint, Plaintiff states:

> I am filing this legal document to try to help the "Fishback family" from losing more of Raymond and Rebecca Fishback's Estate, and I am attempting with this legal document, to file the legality to have Raymond and Rebecca Fishback's grandchildren, who were the known and legally recognized being grandchildren of Raymond and Rebecca Fishback and also born into the Fishback family, to have a legal right, or a vote, about the business matters in concern to the future of Raymond and Rebecca Fishback Estate along with Raymond and Rebecca Fishback's children, and particularly when Raymond and Rebecca Fishback's 3-living children may not realize, or be completely aware about all of the particular business and family decisions concerning the Raymond and Rebecca Fishback Estate, so if these Fishback grandchildren are included in the voting about the business matters of this Raymond Fishback estate, it seems, that this entire Fishback family will benefit and be helped by as the saying goes: "to have all hands on deck."

Plaintiff then describes various family and business decisions which he believes have caused harm or will cause harm to the "Fishback Estate" as well as various family issues which he believes show that the Fishback grandchildren should be involved in future decisions regarding the "Fishback Estate."

At the conclusion of the attachment Plaintiff writes:

> I am asking this Court to grant a "stay" to halt somebody from living in the Raymond Fishback Estate's house, and/or for the removal of somebody who is not a Fishback family kinsman from renting this house that is located on the Fishback Estate, so that Raymond and Rebecca Fishback's children or other family will have access to this house whenever the grandchildren need to stay or live in this house, maybe due to an extenuating circumstances such as: a world-wide pandemic, an injury, or an unexpected job loss . . . .

## II.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well

2

established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc*., 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. at 377.

Plaintiff indicates that the Court has federal-question jurisdiction over this action. Under the federal-question statute, 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff fails to cite to any federal statute, federal treaty, and/or provision of the United States Constitution which would provide this Court with federal-question jurisdiction and the Court can no discern no allegation which would form the basis of a federal claim.

The Court additionally notes that the complaint fails to establish diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendants are all citizens of Kentucky. *See* § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.").

**III.**

For the foregoing reasons, the Court will dismiss this action pursuant to Rule 12(h)(3) for lack of subject-matter jurisdiction.

Date: June 22, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
4416.011